Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50211 | **DATE** | 10/8/2002 |
| **CASE TITLE** | CHILDRESS vs. MOSHER | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's motion to transfer venue

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the reverse Memorandum Opinion and Order, Defendant's motion to transfer venue is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | | 13 |
| | Notified counsel by telephone. | OCT -9 2002 date docketed | |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 10/8/2002 date mailed notice | |
| courtroom deputy's initials /LC | Date/time received in central Clerk's Office | mailing deputy initials | |

# ORDER

Plaintiff Jonathan Childress, a state prisoner, brought this action against several defendants who are employees of the Illinois Department of Corrections, pursuant to 42 U.S.C. § 1983, claiming an excessive use of force used by defendant Scott Mosher while Childress was in transport from the Stateville Correctional Center in Joliet, IL to the Dixon Correctional Center in Dixon, IL. All defendants except Mosher have previously been dismissed. The events complained of allegedly occurred both on and off the transport bus as it arrived at the Dixon Correctional Center in Dixon, IL. Jurisdiction is proper based on 28 U.S.C. 1331, and venue is proper, as the alleged events occurred in this district, pursuant to 28 U.S.C. 1391(b). Before the court is Mosher's motion to transfer venue pursuant to 28 U.S.C. 1404(a), to the Central District of Illinois.

In considering motions to transfer venue, a trial judge is limited to the three factors specifically mentioned in 28 U.S.C. 1404(a): the convenience of the parties; the convenience of the witnesses; and the interests of justice. Coffey v. Van Dorn Iron Works, 796 F.2d 217 (7th Cir. 1986). Mosher argues that since he is employed at East Moline Correctional Center, and his principal place of residence is in Rock Island County, IL, and his potential witnesses also work at East Moline Correctional Center, that the first two of these factors warrant transferring venue to the Central District of Illinois.

Childress argues that he, and at least one of his witnesses, are housed in Dixon, IL at the Dixon Correctional Center, and that the events both on and off the transport bus took place in Dixon, IL, and therefore venue should remain in this district.

Childress correctly asserts that his choice of venue is entitled to consideration by the court. Roberts & Schaefer Co. v. Merit Contr., 99 F.3d 248 (7th Cir. 1996), cert. denied: 520 U.S. 1167 (1997). Indeed, there is a strong preference for conducting the litigation in the plaintiff's chosen forum, and that only rare circumstances make honoring this choice inequitable. The movant has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient. Coffey, at 219-20.

If the case proceeds in the Northern District, Mosher and his witnesses may have to take time off from work to travel and attend court in Rockford, IL. If the case is transferred to the Central District, Childress and his potential witnesses may have to travel to that district, dealing with the inconveniences and costs relating to inmate transport. There is no clear advantage of convenience for either party or their witnesses.

Factors traditionally considered in an "interest of justice" analysis relate to the efficient administration of the court system. The speed of trials, consolidation of cases, or familiarity with applicable state law in diversity cases, are all things to consider in the equation when deciding if the "interests of justice" prong favors a transfer of venue. Coffey, at 220-21; see also Van Dusen v. Barrack, 376 U.S. 612 (1964). Neither party has argued that the "interest of justice" prong supports his position and the record does not demonstrate that the "interest of justice" requires transfer.

For the reasons stated above, defendant's motion to transfer venue is denied.