# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50211 | **DATE** | 12/12/2003 |
| **CASE TITLE** | Childress vs. Snyder | | |

MOTION:

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court denies defendant, Scott Mosher's, motion for summary judgment. The attorneys for the parties are to schedule a settlement conference with the magistrate judge.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | DEC 12 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 14 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | CLERK | 12-12-03 | |
| | | 03 DEC 12 PM 2: 12 | date mailed notice | |
| LC | courtroom deputy's initials | FILED-WB | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Jonathan Childress, is an inmate at the Dixon Correctional Center. He has brought a claim pursuant to 42 U.S.C. § 1983 against defendant, Scott Mosher, a corrections officer, alleging that defendant used excessive force in violation of the Eighth Amendment when he forcibly removed plaintiff from a transport bus. Defendant has moved for summary judgment, contending that the force used under the circumstances did not violate the Eight Amendment. Alternatively, defendant seeks summary judgment based on qualified immunity.

In deciding a summary judgment motion, the court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts. Payne v. Pauley, 337 F. 3d 767, 770 (7th Cir. 2003). The court has only one task: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial. Payne, 337 F. 3d at 770. Summary judgment is not appropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Payne, 337 F. 3d at 770. Thus, the court must view the record in the light most favorable to the nonmovant and avoid the temptation to decide which party's version of the facts is more likely true. Payne, 337 F. 3d 770. A summary judgment motion cannot be used to resolve swearing contests between litigants. Payne 337 F. 3d at 770.

The substantive law that controls in this case is that governing claims of excessive force under the Eighth Amendment. In cases involving the claimed use of excessive force in the prison context, the core inquiry is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Outlaw v. Newkirk, 259 F. 3d 833, 837 (7th Cir. 2001), citing Hudson v. McMillian, 503 U.S. 1, 7 (1992). In conducting this inquiry, the court must consider a variety of factors such as the need for the force, the relationship between the need and the force actually applied, the threat reasonably perceived by the officer applying the force, any efforts made to temper the severity of the force used, and the extent of the injury suffered by the plaintiff. Outlaw, 259 F. 3d at 837. With regard to the extent of the injury, while a plaintiff need not show a significant injury, a claim ordinarily cannot be predicated on a de minimis use of force. Outlaw, 259 F. 3d at 837-38. The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from its limitation de minimis uses of force, provided that the force is not of a sort repugnant to the conscience of mankind. Outlaw, 259 F. 3d at 838.

In the present case, defendant's motion for summary judgment is premised on the evidence favorable to him and largely ignores the deposition of plaintiff. Standing alone and uncontested, defendant's evidence would surely support but one reasonable conclusion, that the force used to remove plaintiff from the bus and restrain him was invoked in a good-faith effort to maintain or restore discipline and not maliciously and sadistically to harm plaintiff.

Defendant's deposition, however, refutes several key aspects of defendant's version of the incident. According to plaintiff, he caused no problems on the bus and that for some unknown reason defendant grabbed him and forcibly removed him from the bus, forced him to the ground, placed a knee in his back, grabbed his hair, and shoved his head into the concrete. Based on plaintiff's testimony, this resulted in a cut on his head that continued to bleed for several days afterward and pain in his neck and back that persisted for several months. Taken in a light most favorable to plaintiff, plaintiff's version of the incident would support a reasonable conclusion by a trier of fact that the force was applied maliciously and sadistically to cause harm. Therefore, defendant is not entitled to judgment as a matter of law.

Defendant urges this court to grant him summary judgment because the injury suffered by plaintiff reflects the level of de minimis force that falls below the threshold of the Eighth Amendment. Defendant relies on several Seventh Circuit cases in arguing that the injury suffered by plaintiff was no more serious than the ones suffered by the plaintiffs in those cases. Defendant's reliance on those cases is misplaced, however, as here there is a question of material fact as to the extent of plaintiff's injuries that precludes any meaningful comparison to those cases. Further, the extent of the injury is only one relevant factor, and the other factors here, if plaintiff's version were to be believed, are more egregious than the ones present in those cases.

Defendant's argument based on qualified immunity also fails as it was clearly established at the time of this incident that the Eighth Amendment prohibits the type of excessive force that plaintiff claims occurred here.

Having concluded that plaintiff's deposition, on its face, is sufficient to preclude summary judgment, the court observes that in denying the motion for summary judgment it does not vouch for the truth of the assertions therein, many of which are directly contrary to the several witness offered by defendant. See Payne 337 F. 3d at 773.

For the foregoing reasons, the court denies defendant's motion for summary judgment.